UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY D. BROWN,

            Plaintiff,

CIVIL CASE NO. 03-60295
HON. MARIANNE O. BATTANI

v.

JOHN E. POTTER, Postmaster General of the
United States Postal Service,

            Defendant.

_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

Before the Court is Defendant's Renewed Motion for Summary Judgment (Doc. #57) pursuant to Fed. R. Civ. P. 56(c). Defendant argues that Summary Judgment is appropriate with regard to Plaintiff's claims of (1) disability discrimination under the Rehabilitation Act; (2) race and gender discrimination under the Civil Rights Act; (3) retaliation; and (4) creation of a hostile work environment. Because Plaintiff fails to meet key elements of each of the claims, Defendant's Renewed Motion for Summary Judgment is **GRANTED**.

**II.    STATEMENT OF FACTS**

Plaintiff Jeffrey D. Brown has been employed with the United States Postal Service ("USPS") since 1984. Defendant John E. Potter is the Postmaster General of the United States

1

Postal Service, and is being sued in his official capacity. Plaintiff was hired by USPS through a Michigan program for severely handicapped individuals. Both parties acknowledge that Plaintiff suffers from seizure disorder, and Plaintiff claims that he suffers from depression as well, although this is disputed by Defendant. In 1999, Plaintiff had a physical altercation with a fellow employee, and the fallout from this incident formed the basis for the first suit Plaintiff brought against Defendant in 2001. That suit, <u>Brown v. Potter</u>, No. 01-60180, claimed discrimination against Plaintiff in violation of the Rehabilitation Act, race discrimination in violation of the Civil Rights Act, and retaliation; it was dismissed by this Court for failure to exhaust administrative remedies.

Two events form the basis for the present suit. On August 3, 2001, Plaintiff was involved in an incident where his supervisor, Laurence Adkins (a black female) accused him of letting the mail back up. On January 16, 2002, another supervisor, Michael Harrison (a black male) required Plaintiff to work on a "sawtooth" machine instead of as a load puller.[1]

In February 2002, following the second incident, Plaintiff claimed total disability due to stress and refused to return to work. Plaintiff went to two fitness for duty examinations with Dr. Kenneth Kron in February and July 2002, during which Plaintiff was largely uncooperative (Plaintiff refused to speak at all during the July examination). Dr. Kron found Plaintiff to be unfit for duty, and upon the advice of Dr. Kron, USPS determined that Plaintiff was a candidate for total disability. Because of this designation, Plaintiff received a notice of separation in

---

[1] Plaintiff subsequently filed EEO complaints for each of the Adkins and Harrison incidents – in November 2001 and January 2002, respectively – alleging ongoing discrimination on the basis of disability, race and gender. USPS found no discrimination in this incidents and completed its EEO investigation on May 14, 2003.

2

November 2002, and was terminated from USPS. Plaintiff attempted to return to work in February 2003 and was denied. After filing a grievance and completing a successful examination with Dr. Kron in January 2004, Plaintiff was reinstated and returned to work in February 2004. Plaintiff is now retired.

Plaintiff filed the present suit on August 12, 2003, alleging (1) discrimination against Plaintiff in violation of the Rehabilitation Act, (2) race and gender discrimination in violation of the Civil Rights Act, (3) retaliation under both the Rehabilitation Act and the Civil Rights Act, and (4) a hostile work environment.[2]

On January 31, 2006, this Court dismissed Plaintiff's complaint on the basis of *res judicata*. Brown v. Potter, No. 03-60295, 2006 WL 250272 (E.D. Mich. 2006) (unpublished). The Sixth Circuit reversed, finding that *res judicata* did not bar the suit when "at least some of the claims brought in Brown's second suit were not ripe for judicial review at the time his first action was filed," and remanded the case to this Court. Brown v. Potter, 248 Fed. Appx. 712, 713 (6th Cir. 2007).

Defendant has filed a renewed motion for summary judgment, arguing that (1) the claim of disability discrimination should fail because Plaintiff is collaterally estopped from claiming a request to accommodate, Plaintiff has offered no evidence for such a request, and Plaintiff failed to exhaust his administrative remedies[3]; (2) the claim for race and gender discrimination should fail because there was no adverse employment action or disparate treatment; (3) the claim of

---

[2] Plaintiff's complaint makes no mention of the January 16, 2002 incident with Harrison, but both parties acknowledge it as part of Plaintiff's claim.

[3] Defendant also made an argument for the application of *res judicata* to the disability discrimination claim in its initial motion, but dropped that argument in its reply.

3

retaliation is should be dismissed based on *res judicata*, failure to exhaust administrative remedies, and failure to provide evidence to support the claim; and finally (4) the hostile work environment claim should be dismissed because the motion for summary judgment was not contested on this point.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In other words, the movant must show he would prevail on the issue even if all factual disputes are conceded to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Accordingly, in the instant case, this Court evaluates the motions with the rule that it should defer to the Plaintiff's factual account whenever that account clashes with the Defendants'. The Court should keep in mind, however, that the Plaintiff "may not rest upon the mere allegations or denials of [her] pleading, but... must set forth specific facts showing that there is a genuine issue for trial" Anderson, 477 U.S. at 248 (internal quotations and citation omitted).

## IV. ANALYSIS

*1. Discrimination in violation of the Rehabilitation Act*

It is "unlawful for a covered entity not to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." 29 C.F.R. § 1630.9(a). "It is well settled in cases brought under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., the precursor to the ADA, that reasonable accommodation is not at issue if the plaintiff has never requested accommodations." Gantt v. Wilson Sporting Goods, 143 F.3d 1042, 1046 fn 4 (6th Cir. 1998) (citing Lue v. Moore, 43 F.3d 1203, 1206 (8th Cir. 1994); Wood v. President of Spring Hill College, 978 F.2d 1214, 1222 (11th Cir. 1992)).

In this case, Plaintiff's deposition testimony clearly establishes that he never asked for any kind of accommodation. Plaintiff's post-hoc affidavit is not relevant, as a party may not create an issue of fact after the filing of an opponent's motion for summary judgment by submitting an affidavit that contradicts deposition testimony. Farrell v. Auto Club, 870 F.2d 1129, 1131-2 (6th Cir. 1989) (reasoning that if "a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact").

Because Plaintiff has made no request for accommodation, he cannot establish Defendant failed to reasonably accommodate him and summary judgment on Plaintiff's disability discrimination claim is therefore appropriate. Gantt, 143 F.3d at 1047.

## 2. Race and Gender Discrimination under the Civil Rights Act

Claims of race and gender discrimination under federal law may be proved either through evidence of direct discrimination or by establishing a prima facie case of discrimination. Jacklyn v. Schering-Plough Healthcare Products Sales, 176 F.3d 921, 926 (6th Cir. 1999). Direct evidence is defined as "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Id. Plaintiff presents no direct evidence on this point, instead arguing in his pleadings that his supervisors, both black and one female, were favoring blacks and women over Plaintiff.

A plaintiff may establish a prima facie case of discrimination by showing that (1) he belongs to a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. McDonnell Douglas v. Green, 411 U.S. 792, 802-803 (1973)). Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate some nondiscriminatory reasons for the decision. Id. at 802. If the defendant can present a nondiscriminatory reason, the burden of production returns to plaintiff to show the existence of evidence sufficient to permit a reasonable trier of fact to conclude that the explanation was pretextual and discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 143 (2000).

An adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus. v.

Ellerth, 524 U.S. 742, 761 (1998). An adverse employment action "usually inflicts direct economic harm." Freeman v. Potter, 200 Fed. Appx. 439, 442 (6th Cir. 2006) (citations omitted). An employment action must amount to "a materially adverse change" in the terms or conditions of employment to be actionable. Kocsis v. Multi-Care Management, 97 F.3d 876, 885 (6th Cir. 1996). The action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. at 886. A "*de minimis* employment" action is "not materially adverse and, thus, not actionable." Bowman v. Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000). In other words, a "bruised ego" caused by trivial employment actions is not sufficient. Freeman, 200 Fed. Appx. at 442 (citing Kocsis, 97 F.3d at 886).

An individual's "subjective impression concerning the desirability of one position over another" is insufficient to render an employer's action materially adverse. Mitchell v. Vanderbilt Univ., 389 F.3d 177, 183 (6th Cir. 2004). The Court is to look to whether a particular employment action was "objectively intolerable to a reasonable person." Freeman, 200 Fed. Appx. at 442 (citations omitted).

In the case at hand, Plaintiff cites as evidence of adverse employment action: (1) being blamed (but not disciplined) by his supervisor for the mail backing up at his station, and (2) being temporarily moved from his customary area to another area by his supervisor. These events are textbook examples of *de minimis* employment action and therefore "not materially adverse and, thus, not actionable." Bowman, 220 F.3d at 462. Because the events do not qualify as adverse employment actions, he cannot satisfy this element of a discrimination claim.

Furthermore, Plaintiff does not identify any similarly situated employees who were treated differently from Plaintiff, nor does he provide any evidence that black or female workers

7

were favored over Plaintiff, nor does he provide any evidence to rebut Defendant's nondiscriminatory explanation for the events. Because Plaintiff fails to present anything at all to establish an "inference of unlawful discrimination," he fails to prove this element as well.

The events at the heart of Plaintiff's complaint do not constitute adverse employment action, Plaintiff does not identify any similarly situated employees who were treated differently, and even if Plaintiff could establish a prima facie case, he provides nothing to establish that Defendant's articulated reasons were pretextual. Therefore, summary judgment will be granted in favor of Defendant on this issue as well.

*3. Retaliation*

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected activity; (2) Defendant knew about the protected activity; (3) he was subjected to an adverse employment action; and (4) there is a causal link between the protected activity and the adverse employment action, e.g., that it was a significant factor. Morris v. Oldham County Fiscal Ct., 201 F.3d 784, 792 (6th Cir. 2000). Plaintiff alleges that: (1) the protected activity engaged in by Plaintiff is his filing of various complaints alleging disability discrimination against USPS (both in the present case and in the first suit); (2) USPS would know about this activity, as it was the adverse party is these cases[4]; and (3) the adverse employment action taken by USPS, according to Plaintiff, was subjecting Plaintiff to the fitness for duty exams and terminating plaintiff in 2002. However, Plaintiff offers nothing in support of the fourth element – a causal link – and Plaintiff therefore cannot establish a prima facie case of retaliation.

---

[4] There is no direct evidence, however, that Plaintiff's immediate superiors were aware of his activity.

Plaintiff claims that USPS began trying to terminate Plaintiff in January 2002 by making him attend fitness-for-duty examinations with Dr. Kron. However, all available evidence indicates that Plaintiff instigated this process on February 19, 2002, by failing to report for work on account of medical disability and filing medical documentation in support of that claim. (Plaintiff's Exh. K). It was after this that USPS scheduled Dr. Kron's examinations (on February 27 and July 10, 2002). Defendant has submitted evidence that Plaintiff was uncooperative during these examinations, and their stated reason for terminating Plaintiff was that he was judged unfit for duty because of his refusal to cooperate. Plaintiff has not shown any connection between the examinations/termination and his disability discrimination complaints, while Defendant has articulated a clear, nondiscriminatory reason for the adverse employment action.[5] Plaintiff's retaliation claim must therefore fail, and summary judgment will be granted as to this claim.

### 4. Hostile Work Environment

A hostile work environment claim under either the Rehabilitation Act or the ADA requires a plaintiff to demonstrate five elements: (1) he was disabled; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment unreasonably interfered with his work performance; and (5) defendant either knew or should have known about the harassment and failed to take corrective measures. Plautz v. Potter, 156 Fed.Appx. 812, 819 (6th Cir. 2005).

---

[5] The fact that Plaintiff was reinstated after cooperating with Dr. Kron at a subsequent fitness for duty examination in January 2004 corroborates this view.

In this case, Plaintiff failed to address the hostile work environment claim at all. Plaintiff "may not rest upon the mere allegations or denials of [her] pleading, but... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. "Conversations between an employee and his superiors about his performance does not constitute harassment simply because they cause the employee distress." Keever v. City of Middletown, 145 F.3d 809, 813 (6th Cir. 1998). There is no evidence that Plaintiff was ridiculed or insulted because of his disability, and no evidence that it interfered with his work environment. As Plaintiff has not offered anything beyond "mere allegations" to prove the elements of the claim, summary judgment is granted as to this count, and Plaintiff's claim is dismissed.

V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Summary Judgment (Doc. No. 57) is **GRANTED** and Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: April 25, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

> s/Bernadette M. Thebolt
> DEPUTY CLERK